UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT D. BERRY,

                    Plaintiff,

      -v-

VILLAGE OF MILLBROOK, THE DUTCHESS
COUNTY DISTRICT ATTORNEY'S OFFICE, THE
DAILY FREEMAN, AND JOHN and/or JANE DOE,

                   Defendants.

Case No. 09-CV-4234 (KMK)

OPINION AND ORDER

Appearances:

Robert D. Berry
Salt Point, NY
*Pro Se Plaintiff*

Steven C. Stern, Esq.
Sokoloff Stern LLP
Westbury, NY
*Counsel for Defendant Village of Millbrook*

David L. Posner, Esq.
McCabe & Mack LLP
Poughkeepsie, NY
*Counsel for Defendant Dutchess County District Attorney's Office and Proposed Defendant Charles Locke*

Rebecca Culley, Esq.
New York State Office of the Attorney General
New York, NY
*Counsel for Proposed Defendant Stanley Marchinkowski*

KENNETH M. KARAS, District Judge:

      Pro Se Plaintiff, Robert Berry, seeks leave to file an Amended Complaint pursuant to

Fed. R. Civ. P. 15 ("Rule 15"), asserting claims of false arrest and malicious prosecution

pursuant to 42 U.S.C. § 1983 ("§ 1983") against proposed Defendants Detective Charles Locke

("Locke") and Senior Investigator Stanley Marchinkowski ("Marchinkowski").  Plaintiff also seeks to add state-law claims of defamation against these two individuals.  For the reasons stated herein, the motion is granted in part and denied in part.

## I.  Background

Plaintiff filed a Summons with Notice on April 2, 2009 in New York State Supreme Court, Dutchess County, against the Village of Millbrook ("Millbrook").  Defendant Millbrook timely removed the matter to this Court pursuant to 28 U.S.C. §§ 1331 and 1441(b).  (Dkt. No. 1.)  On June 8, 2009, Plaintiff filed his initial Complaint in this Court, alleging, pursuant to § 1983, that Defendants Millbrook, the Dutchess County District Attorney's Office ("Dutchess DAO"), and the New York State Insurance Fund ("NYSIF") violated Plaintiff's constitutional rights.  (Compl. ¶¶ 18-26.)[1]  Plaintiff also brought a libel claim against Defendant The Daily Freeman and unspecified claims against John or Jane Doe.  (*Id.* ¶¶ 28-29.)

According to the original Complaint, Plaintiff was arrested on December 13, 2006 without a warrant by proposed Defendant Locke, of the Dutchess County Sheriff's Office.  (*Id.* ¶¶ 7, 25.)[2]  That same day, a criminal complaint was "brought forth" against Plaintiff by proposed Defendant Marchinkowski, an employee of the NYSIF, for grand larceny, offering a false instrument, and committing a fraudulent practice.  (*Id.*)  Plaintiff asserted that the charges

---

[1] Although Plaintiff did not explicitly assert a § 1983 claim against the NYSIF, the Court construes Plaintiff's pro se claims liberally to raise the strongest arguments they suggest.  *See Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000); *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (noting that courts should hold pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers" (internal quotation marks omitted)).  Because Plaintiff's claim appears to be one for false arrest and/or malicious prosecution (Compl. ¶¶ 25-26), brought pursuant to § 1983, the Court construes it as such.

[2] For the purpose of deciding Plaintiff's motion, the Court accepts as true the allegations contained in Plaintiff's Complaint, and construes them in the light most favorable to Plaintiff.

against him were false and that NYSIF filed the criminal complaint in a "wanton, careless and malicious manner." (*Id.* ¶ 25.) Although Plaintiff asserted a cause of action against NYSIF based on these allegations, Plaintiff did not name Locke or Marchinkowski as Defendants. (*Id.* ¶ 26.)

The original Complaint also alleged that Plaintiff was arraigned in Millbrook Village Court on December 13, 2006, and that the Honorable Judge Louis Prisco was the presiding judge. (*Id.* ¶ 8.) Plaintiff signed a Grand Jury waiver and a "Divestiture to Superior Court" was "filled out" but "never signed." (*Id.* ¶¶ 9-10.) Plaintiff, at times acting pro se and at times represented by counsel, argued to Judge Prisco that the Village Court no longer had jurisdiction because of the Grand Jury waiver, but Judge Prisco disagreed and continued to request Plaintiff's monthly appearance in court. (*Id.* ¶¶ 11-14.) On September 30, 2008, the Assistant District Attorney moved to reduce the felony charges to misdemeanors, and Judge Prisco asked whether the charges had been presented to the Grand Jury. (*Id.* ¶ 15.) When the parties explained that the Grand Jury had been waived, Judge Prisco granted the motion. (*Id.*) On January 8, 2009, the prosecution was terminated pursuant to N.Y. Crim. Proc. Law § 180.85.[3] (*Id.* ¶ 16.) Plaintiff also alleged that on December 24, 2006, Defendant The Daily Freeman published a libelous article about him based on false information allegedly provided by proposed Defendants Locke and Marchinkowski. (*Id.* ¶¶ 28-29.) Specifically, the article stated that Plaintiff was arraigned

---

[3] N.Y. Crim. Proc. Law § 180.85 provides that "[a]fter arraignment of a defendant upon a felony complaint . . . either party or the local criminal court or superior court before which the action is pending, on its own motion, may move . . . for an order terminating prosecution of the charges contained in such felony complaint on consent of the parties." N.Y. Crim. Proc. Law § 180.85 (McKinney's 2006).

on the three felony charges and had pled not guilty.  (*Id.* ¶ 28.)

On July 6, 2009, NYSIF wrote the Court a letter, which the Court construed as a Motion to Dismiss, arguing that the Court lacked subject matter jurisdiction over Plaintiff's claims against it because of the State's Eleventh Amendment sovereign immunity, and because neither the State nor any of its agencies is considered a "person" for purposes of § 1983.  (Letter from Elizabeth Cohen to the Ct., dated July 6, 2009 (Dkt. No. 18).)  On August 10, 2009, the Court held a conference, at which it noted that Plaintiff could not sue NYSIF, but could sue individuals he had a good faith basis to believe were responsible for the claimed constitutional violations. (Order dated Aug. 10, 2009 (Dkt. No. 19).)  In September 2009, Defendants Millbrook and Dutchess DAO filed Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. Nos. 20, 22.)  On October 16, 2009, Plaintiff filed a response to NYSIF's motion, stating that "[i]n further understanding of the State[']s 11th Amendment . . . Sovereign Immunity," Plaintiff intended to "file and serve an amended complaint to . . . [the] individuals directly involved with the incident, therefore terminating the action against the agency . . . and substitut[ing] individual defendants." (Letter from Pl. to the Ct., dated Oct. 15, 2009.)  After NYSIF wrote another letter, noting that it "d[id] not, at this time, represent any individual SIF employees," because no employees were named as Defendants (Letter from Elizabeth Cohen to the Ct., dated Oct. 28, 2009 (Dkt. No. 26)), Plaintiff confirmed, by letter, that he was voluntarily dismissing the NYSIF from the case and that he intended to serve an Amended Complaint on, "the individuals [] not exempt from [] liability."  (Letter from Pl. to the Ct., dated Nov. 7, 2009 (Dkt. No. 27).)

On January 27, 2010, Plaintiff filed a Motion for Leave to File an Amended Complaint. (Dkt. No. 30.)  Construing Plaintiff's proposed Amended Complaint liberally, as the Court must, Plaintiff wishes to assert false arrest and malicious prosecution claims against proposed

4

Defendants Marchinkowski and Locke pursuant to § 1983, as well as a state-law claim for defamation against these two new Defendants.  (Proposed Am. Compl. ¶¶ 26-31.)[4]  Plaintiff's motion asserts that he may amend pursuant to Fed. R. Civ. P. 25, which concerns substitution of parties, but the Court construes the motion as one also brought pursuant to Rule 15, which pertains to amendment of pleadings.

II.  Discussion

A.  Standard of Review

Leave to amend a complaint shall be "freely" given "when justice so requires."  Fed. R. Civ. P. 15(a); *see also Pangburn v. Culbertson*, 200 F.3d 65, 70 (2d Cir. 1999) (same).  In particular, "a pro se litigant should be given 'every reasonable opportunity to demonstrate that he has a valid claim.'"  *Mosley v. Jablonsky*, 209 F.R.D. 48, 51 (E.D.N.Y. 2002) (quoting *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984)).  However, Rule 15 does not permit amendments that are futile, such as amendments asserting claims that are barred by the relevant statute of limitations.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *DC Comics v. Kryptonite Corp.*, 00-CV-5562, 2002 WL 1303110, at *4 (S.D.N.Y. June 13, 2002) ("'A motion to amend is futile if the claims sought to be added are barred by the relevant statute of limitations.'" (quoting *Northbrook Nat'l Ins. Co. v. J & R Vending Corp.*, 167 F.R.D. 643, 647 (E.D.N.Y. 1996))).

---

[4] The affirmations of service attached to Plaintiff's January 27, 2010 motion show that Plaintiff served counsel for Defendant Dutchess DAO, who is now counsel for proposed Defendant Locke, as well as counsel for Defendant Millbrook.  Plaintiff also served the law firm of Wilkie Farr & Gallagher, LLP, which he appears to believe is counsel for Defendant The Daily Freeman, even though this firm has not filed a notice of appearance in this case.  On March 3, 2010, Plaintiff filed a second motion requesting leave to amend, attaching the same proposed Amended Complaint.  (Dkt. No. 34.)  Besides serving this second motion on the above referenced attorneys, Plaintiff also served the Office of the Attorney General, which had previously represented NYSIF, and which now represents proposed Defendant Marchinkowski.

5

B.  Section 1983 Claims Against Proposed Defendant Locke

Proposed Defendant Locke opposes Plaintiff's motion, arguing that Plaintiff's proposed false arrest claim is futile because it is time-barred.  (Mem. of Law in Opp'n to Pl.'s Mot. for Leave to File an Am. Compl. ("Locke Mem.") 2-5.)  Proposed Defendant Locke also argues that Plaintiff's claim is not saved by the relation-back principles of Rule 15, because Plaintiff identified him in the Complaint, but chose not to name him as a defendant.  (*Id.* 3-4.)  Proposed Defendant Marchinkowski does not oppose Plaintiff's motion to add § 1983 claims against him; therefore, the Court only addresses proposed Defendant Locke's arguments.

1.  Timeliness of Proposed Claims

"Claims brought under 42 U.S.C. § 1983 in federal courts in New York State are subject to a three-year statute of limitations."  *Coleman v. City of New York*, No. 08-CV-5276, 2009 WL 3381541, at *2 (E.D.N.Y. Oct. 20, 2009); *see also Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 331 (2d Cir. 1997) ("[T]he statute of limitations for a claim under § 1983 that accrued in New York is three years.").  In *Wallace v. Kato*, the Supreme Court held "that the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process," such as when the plaintiff is arraigned. 549 U.S. 384, 397 (2007); *see also Lynch v. Suffolk Cnty. Police Dep't, Inc.*, 348 F. App'x 672, 675 (2d Cir. 2009) (summary order) (noting that the statute of limitations for a § 1983 false arrest claim "begins to run when the alleged false imprisonment ends," such as when the plaintiff "is bound over by a magistrate or arraigned on charges" (internal citation and quotation marks omitted)); *Jovanovic v. City of New York*, No. 04-CV-8437, 2008 WL 355515, at *2 (S.D.N.Y. Feb. 7, 2008) (finding that under *Wallace*, the plaintiff's false arrest cause of action accrued at

6

the time of his arraignment).

Here, Plaintiff argues that his proposed false arrest claim is timely because the statute of limitations began to run when his prosecution was terminated.  (Reply to Proposed Def., Stanley Marchinkowski, Opp'n of Mot. for Leave to Amend the Compl. ("Pl.'s Reply") 1-2.)  However, Plaintiff's § 1983 false arrest claim falls squarely within the confines of *Wallace*, as he alleges that he was falsely arrested on December 13, 2006, and was then arraigned that same day on criminal charges in the Millbrook Village Court.  (Proposed Am. Compl. ¶¶ 8, 9, 26, 29.)  As a result, the statute of limitations period for his § 1983 false arrest claim began on December 13, 2006, when he "bec[ame] detained pursuant to legal process," and ended on December 13, 2009. *See Wallace*, 549 U.S. at 397; *see also Jovanovic*, 2008 WL 355515, at *2 (finding that, after *Wallace*, the plaintiff's § 1983 false arrest claim "accrued . . . at the time of his arraignment" and that the statue of limitations period expired three years later).  Accordingly, Plaintiff's false arrest claim is untimely because he filed his first motion to amend on January 27, 2010, more than one month after the limitations period expired.

The Court notes that proposed Defendant Locke only addresses Plaintiff's false arrest claim, but, construing Plaintiff's claims liberally, the proposed Amended Complaint also alleges a claim of malicious prosecution.  (Proposed Am. Compl. ¶ 26 (alleging that proposed Defendant Locke "filed a false criminal complaint against [P]laintiff"); *id.* ¶ 28 (alleging that the complaint filed by proposed Defendant Locke was false); *id.* ¶ 29 (alleging that proposed Defendants Locke and Marchinkowski "intentionally concealed exculpatory information" and instituted criminal charges against Plaintiff knowing that the alleged crimes "were unfounded and legally insufficient").)  Unlike the false arrest claim, Plaintiff's proposed malicious prosecution claim accrued when the prosecution of Plaintiff was terminated on January 8, 2009.  (Compl. ¶ 16); *see*

7

*Mejia v. City of New York*, 119 F. Supp. 2d 232, 278 (E.D.N.Y. 2000) ("A cause of action for malicious prosecution accrues on the date that the criminal proceeding is terminated in favor of the plaintiff."); *see also Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir. 1995) ("[F]or claims based in malicious prosecution, th[e statute of limitations] period starts to run only when the underlying criminal action is conclusively terminated.").  Accordingly, Plaintiff's malicious prosecution claims are timely because he requested leave to amend his Complaint on January 27, 2010, well within three years of the termination of his prosecution.  Therefore, Plaintiff's proposed malicious prosecution claim is not futile.

## 2.  Relation-Back Under Rule 15

"If a complaint is amended to include an additional defendant after the statute of limitations has run, the amended complaint is not time barred if it 'relates back' to a timely filed complaint."  *VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 128 (2d Cir. 2001).  Under Rule 15(c), "[a]n amendment to a pleading" that names a new party "relates back to the date of the original pleading" if (1) the claims against the new party "arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading" and, within 120 days after the complaint was filed, the new party (2) "received such notice of the action that it will not be prejudiced in defending on the merits," and (3) "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(B)-(C); *see also Krupski v. Costa Crociere S. p. A.*, 130 S. Ct. 2485, 2493 (2010) (same); *VKK Corp.*, 244 F.3d at 128 (same).[5]  Proposed Defendant Locke does not

---

[5] Rule 15 incorporates Fed. R. Civ. P. 4(m)'s 120-day period where it states that conditions (2) and (3) must be met "within the period provided by Rule 4(m) for serving the summons and complaint."  Fed. R. Civ. P. 15(c)(1)(C).  Rule 4(m) requires that a defendant be served "within 120 days after the complaint is filed."  Fed. R. Civ. P. (4)(m); *see also Finnerty v.*

dispute that Plaintiff's false arrest claim arises out of the same conduct alleged in the original and timely filed Complaint — the investigation and arrest of Plaintiff.

In *Krupski*, the Supreme Court recently addressed the requirements for relation-back under Rule 15(c). The plaintiff in *Krupski* had timely filed her tort claim against one cruise-line corporate entity, but failed to amend her complaint within the limitations period to name a related corporate entity that was the proper entity for suit. *Krupski*, 130 S. Ct. at 2490-91. The Eleventh Circuit affirmed the district court's decision to deny the plaintiff leave to amend, holding that her failure to name the proper defendant was not a "mistake" when her cruise ticket informed her of the proper entity for suit. *Id.* at 2492. The Supreme Court reversed, finding that Rule 15 "asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Id.* at 2493 (emphasis in original). The Supreme Court explained that while "a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake . . . a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events" at issue in the case. *Id.* at 2494. Furthermore, the Supreme Court emphasized that information known to the plaintiff or the "plaintiff's postfiling conduct" could be relevant for determining the prospective defendant's "reasonable beliefs concerning whether the omission" of the defendant was a mistake. *Id.* at 2496-97 (internal citation and quotation marks omitted).

---

*Wireless Retail, Inc.*, 624 F. Supp. 2d 642, 653 (E.D. Mich. 2009) (noting that Rule 15(c)(1)(C)(i) and (ii) must be satisfied "within . . . 120 days of the filing of the original complaint").

After *Krupski*, the focus of the Rule 15 inquiry is a potential *defendant's* reasonable beliefs regarding whether a plaintiff failed to name him because of a mistake.  The law in the Second Circuit is clear that the relevant mistake of the plaintiff may be a "misapprehen[sion] [of] the identity of the person he wished to sue (a factual mistake), or [a] fail[ure] to understand the legal requirements of his claim (a legal mistake)."  *Dupree v. Pough*, 454 F. Supp. 2d 166, 174 (S.D.N.Y. 2006) (citing *Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 35 (2d Cir. 1996)); *see also In re Enter. Mortg. Acceptance Co.*, 391 F.3d 401, 405 n.2 (2d Cir. 2004) (noting that the plaintiff's failure to name a defendant in his original complaint was "neither a mistake of law nor a mistake of fact").  Courts often allow plaintiffs (and especially pro se plaintiffs) to amend if their initial claim was legally insufficient because they named the wrong public official or government entity based on a misunderstanding of the legal prerequisites for bringing suit against particular government defendants.  *See Soto*, 80 F.3d at 35-37; *see also Colombo v. Suffolk County Dep't of Soc. Servs.*, 221 F.R.D. 374, 376 (E.D.N.Y. 2004) (noting that "mistake" may encompass "when a plaintiff omits [an] individual defendant altogether in the erroneous belief that suing a government department will suffice").  For example, in *Soto*, the Second Circuit found that the plaintiff's failure to name individual officers could " not be considered a matter of choice" when he was "required to sue the individual defendants" to maintain a claim and when he would have named the individuals, as opposed to the municipal entity, "but for his mistake as to the technicalities of constitutional tort law."  *Soto*, 80 F.3d at 37; *see also Colombo*, 221 F.R.D. at 377 (permitting pro se plaintiff to add individual officers as defendants when she initially named a government entity and "neglected to name the[] individuals based on the mistaken belief that she did not have to do so").

Here, Plaintiff's original Complaint and subsequent correspondence show that he initially

named NYSIF, as opposed to the individuals whom he alleges falsely arrested and maliciously prosecuted him, because of his misunderstanding of the law regarding the proper parties and sovereign immunity.  After *Krupski*, it is clear that Plaintiff's awareness of proposed Defendant Locke's existence and identification of him in the Complaint do not foreclose the possibility that Plaintiff "harbor[ed] a misunderstanding about his status or role in the events."  *Krupski*, 130 S. Ct. at 2494.  Once NYSIF noted on the record that it could not be sued pursuant to § 1983, and after the Court ordered Plaintiff to indicate whether he wished "to amend his Complaint to substitute individual defendants" for NYSIF (Dkt. No. 19), Plaintiff voluntarily dismissed his claims against NYSIF "[i]n further understanding of the State[']s 11th Amendment" immunity, noting that he intended to file an amended complaint naming the "individuals directly involved with the incident," (Letter from Pl. to the Ct., dated Oct. 15, 2009).  Although proposed Defendant Locke argues that he is not an employee of NYSIF, he knew or should have known that, but for Plaintiff's error regarding sovereign immunity principles, Plaintiff would have named him as a defendant because Plaintiff's original Complaint identified him as the person who falsely arrested him, but claimed that NYSIF was liable for this arrest.  (Compl. ¶ 25.) Moreover, Plaintiff's subsequent correspondence consistently referred to his intention to sue all of the individuals he believed were responsible for his false arrest and malicious prosecution, without naming particular individuals.  (Letter from Pl. to the Ct., dated Oct. 15, 2009; Letter from Pl. to the Ct., dated Nov. 7, 2009 (Dkt. No. 27).)  In sum, because Plaintiff's original claim against NYSIF constituted a mistake of law, and because Plaintiff's Complaint and post-filing conduct show that proposed Defendant Locke should have known that Plaintiff failed to name him because of a mistake of law, Plaintiff's proposed false arrest claim "relates-back" to his timely filed Complaint under Rule 15.  *See Maccharulo v. Gould*, 643 F. Supp. 2d 587, 595

11

(S.D.N.Y. 2009) (finding that plaintiff's failure to name state entities as defendants was a

mistake of law when the original claims were "legally insufficient [as] asserted only against

individual rather than entity defendants"); *Jones v. N.Y. State Div. of Military & Naval Affairs*,

No. 93-CV-862, 1997 WL 266765, at *4 (N.D.N.Y. 1997) (noting that a plaintiff who sued state

entities immune from suit pursuant to the Eleventh Amendment could amend his pleading

pursuant to Rule 15(c) to add individual defendants who were "clearly identified within the body

of the complaint" because the omission was "due to a legal error" in naming the state entities);

*see also Krupski*, 130 S. Ct. at 2494 (noting that a "deliberate but mistaken choice does not

foreclose a finding that Rule 15[] has been satisfied").[6]  Accordingly, Plaintiff's proposed § 1983

---

[6] Proposed Defendant Locke does not dispute Rule 15's notice requirement, which
requires that "within 120 days of the original filing date, [the newly added defendant] received
notice of the action such that [he would] not be prejudiced in defending the case on the merits."
*Maccharulo*, 643 F. Supp. 2d at 594.  "Under the constructive notice doctrine, the court can
impute knowledge of a lawsuit to a new defendant government official through his attorney,
when the attorney also represented the officials originally sued, so long as there is some showing
that the attorney[] knew that the additional defendants would be added to the existing suit."
*Muhammad v. Pico*, No. 02-CV-1052, 2003 WL 21792158, at *20 (S.D.N.Y. Aug. 5, 2003)
(internal quotation marks omitted); *see also Velez v. Fogarty*, No. 06-CV-13186, 2008 WL
5062601, at *5 (S.D.N.Y. Nov. 20, 2008) ("The constructive notice doctrine is based on the
theory that the newly added defendant is not prejudiced by the lack of notice if his attorney has
already begun preparing a defense for the named defendant during the limitations period.");
*Samuels v. Dalsheim*, No. 81-CV-7050, 1995 WL 1081308, at *14 (S.D.N.Y. Aug. 22, 1995)
("The relevant inquiry for determining whether such constructive notice should be based on
'sharing of counsel' is whether counsel 'knew or should have known' within the limitations
period that the additional defendants would be added." (quoting *Gleason v. McBride*, 869 F.2d
688, 693 (2d Cir. 1989))).
      The constructive notice doctrine applies to Plaintiff's false arrest claim against proposed
Defendant Locke.  Again, the Court understands that proposed Defendant Locke is not an
employee of NYSIF and is not represented by its counsel, the Attorney General's Office, which
represents proposed Defendant Marchinkowski.  However, Detective Locke is a Dutchess
County police officer who is represented by the same attorney that represents the Dutchess
County DAO, an entity originally named in Plaintiff's Complaint.  Moreover, proposed
Defendant Locke was clearly identified in the Complaint as the officer allegedly responsible for
Plaintiff's false arrest. Indeed, the Court stated at the pre-motion conference held on August 10,
2009, that Plaintiff could seek leave to add individuals he had a good faith basis to believe were

claims are not futile and Plaintiff's Motion to Amend is granted with regard to these claims.

C.  Proposed State Law Defamation Claims

In his original Complaint, Plaintiff brought a defamation claim against The Daily Freeman based on a news story the newspaper published on December 24, 2006.  (Compl. ¶ 28.) Although somewhat unclear, Plaintiff's proposed Amended Complaint, when construed liberally, appears to add new claims of defamation against proposed Defendants Marchinkowski and Locke.  (Proposed Am. Compl. ¶¶ 27, 33 (alleging that proposed Defendants Marchinkowski and Locke's actions and provision of false information led to the "false defamatory news publication" in The Daily Freeman).)  Under New York law, the statute of limitations for defamation claims is one year.  N.Y. C.P.L.R. § 215(3) (providing that "an action to recover damages for . . . libel, slander, [or] false words causing special damages" "shall be commenced within one year"); *see also Firth v. State*, 775 N.E.2d 463, 464 (N.Y. 2002) (noting that the statue of limitations for defamation is one year); *Lancaster v. Town of East Hampton*, 864

---

responsible for the alleged constitutional violations, and Plaintiff notified the Court, by the date set out in its Order, that he intended to name such individuals.  As a result, proposed Defendant Locke is not prejudiced because his attorney was or should have been aware, within the Rule 4(m) limitations period, that he would be named as a Defendant.  *See Muhammad*, 2003 WL 21792158, at *20 (applying constructive notice doctrine to newly added defendant represented by the State Attorney General's Office, which represented other individual state officials originally named as defendants); *Mosley*, 209 F.R.D. at 53-54 (finding that law enforcement officers whose conduct formed the basis of the plaintiff's allegations had constructive notice that they would be named as defendants when they were represented by the same attorney representing the erroneously named law enforcement agency, but that an officer who was not alleged to have participated in the unconstitutional conduct did not have constructive notice of a claim against him); *Almeda v. City of New York*, No. 00-CV-1407, 2001 WL 868286, at *3 (E.D.N.Y. July 26, 2001) ("Knowledge of the pendency of an action may be imputed to a party to be added as a defendant to that action where there has been some showing that the proposed defendant's attorney knew that the additional defendant would be added to the existing suit." (internal quotation marks and brackets omitted)).

N.Y.S.2d 537, 538 (App. Div. 2008) (same).  A defamation claim accrues on the date that the

allegedly defamatory statement was first published.  *Firth*, 775 N.E.2d at 464-65 (noting that the

dissemination of an allegedly defamatory publication "gives rise to one cause of action and [] the

applicable statute of limitations runs from the date of that publication" (internal quotation marks

and brackets omitted)); *Hoesten v. Best*, 821 N.Y.S.2d 40, 45 (App. Div. 2006) ("The statute of

limitations applicable to defamation claims is one year, and generally accrues on the date of the

first publication." (internal citation omitted)).

Here, Plaintiff's proposed defamation claims are time-barred and, therefore, futile.  The

alleged defamatory statement was published in The Daily Freeman on December 24, 2006.

(Proposed Am. Compl. ¶ 27.)  Therefore, the statute of limitations period on Plaintiff's

defamation claim ended one year later on December 25, 2007.  *See Hoesten*, 821 N.Y.S.2d at 47

(dismissing defamation claim as untimely because it was filed more than one year after

publication of the alleged defamatory statement).  As a result, because Plaintiff's *original*

Complaint, which was filed on June 8, 2009, and his Motion to Amend, were filed more than one

year after the limitations period expired, Plaintiff's proposed defamation claim is untimely and

futile.[7]

### III.  Conclusion

For the reasons discussed above, Plaintiff's Motion to Amend the Complaint is granted in

part and denied in part.  Plaintiff's motion to add the proposed § 1983 claims is granted.

Plaintiff's motion to add the proposed defamation claims is denied.  Plaintiff is to file an

---

[7] Because the Court finds that Plaintiff's defamation claims against proposed Defendants
Locke and Marchinkowski are untimely, the Court need not address whether these claims are
also futile because Plaintiff failed to file a Notice of Claim.

Amended Complaint without the new defamation claims against proposed Defendants Locke and

Marchinkowski within thirty days.  Because of the filing of the Amended Complaint, the Court

denies the pending Motions to Dismiss without prejudice.  All Defendants may file Motions to

Dismiss within their time to answer Plaintiff's Amended Complaint.  The Clerk of Court is

respectively requested to terminate the pending motions, (Dkt. Nos. 20, 22, 30, 34).

SO ORDERED.

Dated:          September 29 , 2010
                White Plains, New York

                                                    KENNETH M. KARAS
                                            UNITED STATES DISTRICT JUDGE

Service List:

For Mailing by Clerk's Office:

Robert D. Berry
2517 Route 44, 11-126
Salt Point, NY 12578

Steven Charles Stern, Esq.
Sokoloff Stern LLP
355 Post Avenue
Suite 201
Westbury, NY 11590

David Lewis Posner, Esq.
McCabe & Mack LLP
63 Washington Street, P.O. Box 509
Poughkeepsie, NY 12602

Rebecca Durie Katherine Culley, Esq.
New York State Office of the Attorney General
120 Broadway
New York, NY 10271